IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| BAHMAN YOUSEFI and SALLY DAYNEY, | ) ) ) ) | CASE NO. CV-06-150-N-EJL-MHW |
| Plaintiffs, | ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| MICHAEL CHEROFF, Secretary of the Department of Homeland Security, SHERIFF LARRY DASENBROOCK, TIMOTHY J. FUHRMAN, Special Agent in Charge for the FBI Field Office in Salt Lake City, AGENT DOUGLAS S. HART, EMILIO T. GONZALEZ, Director of the U.S. Citizenship and Immigration Service, LIEUTENANT SCOTT MEALER, POLICE CHIEF BRAD MITTENDORF, Police Chief for the Lapwai Police Station, DIRECTOR ROBERT S. MUELLER, III, Director of the FBI, ROBERT J. OKIN, District Director of the U.S. Citizenship and Immigration Service, LIEUTENANT TOM POLEK, OFFICER JOE R. RODRIGUEZ, AGENT NICHOLAS WHITNEY, PATROL COMMANDER DOUG ULMER, AND, JOHN DOES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**Report and Recommendation- Page 1**

Currently pending before the Court is a Motion to Dismiss (Docket No. 14), filed October 23, 2006, by Michael Cheroff, Secretary of the Department of Homeland Security; Timothy J. Fuhrman, Special Agent in Charge for the FBI; Douglas S. Hart, Special Agent, FBI; Emilio T. Gonzalez, United States Citizenship and Immigration Service; Robert J. Okin, District Director of the United States Citizenship and Immigration Service; Robert S. Mueller, III, Director of the FBI and Nicholas Whitney, INS agent ("Federal Defendants"). Also pending is Plaintiffs' Motion to Strike Declaration of Ardis Robinson (Docket No. 27), filed May 15, 2007.[1] This matter is presently scheduled for oral argument on Monday, August 6, 2007 at 2:00 p.m.. Having reviewed all briefing submitted, as well as other pertinent documents in the Court's file, the Court finds that the record is adequately developed and oral argument would not assist the decisional process, therefore, the Court makes its Report and Recommendation as follows.

## REPORT

### I.
### Factual Background

The genesis for this case arose out of a routine traffic stop that occurred in northern Idaho on August 13, 2002. (Plaintiffs' Complaint ("Complaint") (Docket No. 1 at ¶ 22)). Plaintiffs Bahman Yousefi ("Mr. Yousefi") and Sally Dayney ("Ms. Dayney") were stopped for speeding and then questioned for several hours. After the initial questioning, Plaintiffs were released to continue their journey home to Salt Lake City, Utah. However, about forty-five (45) minutes later, Plaintiffs were stopped a second time and detained by members of the Idaho County Sheriff's Department. (Complaint (Docket No. 1 at ¶ 42)).

---

[1] The Affidavit of Ardis Robinson seeks to introduce a psychological evaluation of Mr. Yousefi. As the Court does not get to the insanity/competency issue raised by the Federal Defendants in their Motion to Dismiss, it is not necessary to address this motion.

**Report and Recommendation- Page 2**

During the traffic stops, Plaintiffs were asked to step out of their vehicle and questioned while it was searched.  (Complaint (Docket No. 1 at ¶ 43)).  Plaintiffs allege that during these questioning sessions they received no Miranda warnings, were not given the opportunity to use the bathroom, were denied water, were subject to illegal search, and were questioned about their religious affiliation and country of origin.  (Complaint (Docket No. 1 at ¶¶ 23-49)).

Plaintiffs were then taken to the Idaho County Sheriff's Department where Ms. Dayney was released and Mr. Yousefi was taken into custody.  (Complaint (Docket No. 1 at ¶¶ 46-52)).  Ms. Dayney claims that she was not told what would happen to Mr. Yousefi, but merely that she could leave and return home.  (Complaint (Docket No. 1 ¶¶ 51-55)).  The police officers stated that they were keeping the car for evidence and that Ms. Dayney could not use it to return home. (Complaint (Docket No. 1 ¶ 52)).  Ms. Dayney asserts that she was given no money or advice on how to travel back to Utah.  (Complaint (Docket No. 1 ¶¶ 52-54)).  As a result of these experiences, Ms. Dayney claims she has suffered from an inability to sleep, depression, and anxiety. (Complaint (Docket No. 1 ¶¶ 56-60)).

Later that night, Mr. Yousefi alleges that he was transferred from the Idaho County Sheriff's Office to the Latah County  jail located in Moscow, Idaho.  (Complaint (Docket No. 1 at ¶¶ 66-73)).  Later, Mr.  Yousefi was taken by unidentified Immigration and Natural Services ("INS") officers to an INS station in Spokane, Washington.  (Complaint (Docket No. 1 at ¶¶ 73, 78)).  Thereafter, Mr. Yousefi was taken to the Spokane County jail and placed in a small holding cell for approximately 80 hours, where he alleges that he suffered from feelings of claustrophobia and panic attacks.  (Complaint (Docket No. 1 at ¶¶ 79-81)).  While being held, Mr. Yousefi claims that INS agent Nicholas Whitney attempted to force him to sign a voluntary

departure document.  (Complaint (Docket No. 1 at ¶ 84)).

At various times throughout his imprisonment, Mr. Yousefi claims that he was not provided with information regarding the charges against him, adequate medical treatment, opportunities to use the bathroom, meals during transfers, adequate seating during transfers, and that he suffered from panic attacks and claustrophobia.  (Complaint (Docket No. 1 at ¶¶ 63-86)).

After approximately ten to fifteen days in the Spokane County jail, Mr. Yousefi was transported by a United States Marshal to the Kootenai County jail in Coeur d' Alene, Idaho where he remained for approximately two months.  (Complaint (Docket No. 1 at ¶¶ 85-87, 93)). During that time, Mr. Yousefi alleges that he was beaten by other inmates at the request of the guards and was subject to daily torture.  (Complaint (Docket No. 1 at ¶¶ 90-93)).  Mr. Yousefi continued to refuse to sign a voluntary departure form.  (Complaint (Docket No. 1 at ¶ 94)).

After this period of imprisonment, Mr. Yousefi was transferred back to Moscow, Idaho where the abuses and medical neglect continued.  (Complaint (Docket No. 1 at ¶¶ 85-87, 95)). In November 2002, Mr. Yousefi was transferred to Okanogan County jail located in the state of Washington where he claims the torture and mistreatment continued.  (Complaint (Docket No. 1 at ¶ 98)).  Mr. Yousefi alleges that he was refused treatment for continued and progressing health problems such as high blood pressure, throat infections, fever, sleep deprivation, and what felt like internal bleeding.  (Complaint (Docket No. 1 at ¶ 98)).

Sometime later, Mr. Yousefi was transferred a final time to an INS camp in Seattle, Washington.  (Complaint (Docket No. 1 at ¶¶ 100-101)).  Mr. Yousefi claims that the same mistreatment continued at the INS camp until he was released on bond in mid-December and allowed to return to Salt Lake City, Utah.  (Complaint (Docket No. 1 at ¶¶ 101-102)).

**Report and Recommendation- Page 4**

## II.
## Procedural Background

Plaintiffs originally asserted 18 separate civil rights and tort cause of actions under both federal and state law against both state law enforcement officers and the Federal Defendants. The Federal defendants made a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6).  (Federal Defendants' Motion to Dismiss (Docket No. 14-1 at 1)).  Plaintiffs responded by voluntarily abandoning some of their original claims against a number of Federal Defendants.  (Plaintiffs' Response (Docket No. 17)). Plaintiffs acknowledged that the doctrine of sovereign immunity bars their claims against Federal Defendants Chertoff, Fuhrman, Gonzales, Mueller, and Okin, all of whom were sued in their official capacities.  (Docket No. 17 at 4)).  Plaintiffs further concede that they are not able to proceed on their state law tort claims because they have not exhausted their administrative remedies as required by the Federal Torts Claim Act. (Docket No. 17 at 6)).  As a result of Plaintiffs' concessions, only claims based on the doctrine announced in *Bivens v. Sin Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) ("*Bivens*")  remain against agents Hart and Whitney.  The *Bivens* claims are based on alleged violations of the Plaintiffs' constitutional rights to due process, the right to be free from unreasonable searches and seizures, the right to assistance of legal counsel, and the right to be free from cruel and unusual punishment.

Defendants Hart and Whitney ("Defendants") assert that these remaining claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.  This action was commenced on April 14, 2005, so it is also susceptible to dismissal pursuant to Fed. R. Civ. P. 4 (m) since more than 120 days have passed since the filing of the complaint and the

Plaintiffs have not served either Defendant Hart or Whitney.   The Defendants also argue that the action must be dismissed for exceeding the two year statute of limitations pursuant to Fed. R. Civ. P. 12(b)(1) (lack of jurisdiction) and Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted).   It is well settled that the applicable statute of limitations in a *Bivens* action is the same as a state law personal injury action.  *See Matthews v. Macanas,* 990 F.2d 467, 468-69 (9th Cir. 1993).  As provided for under Idaho Code § 5-219 the statute of limitations for personal injury actions is two years.  If the Court determines that this action should be dismissed pursuant to Rule 4 (m) for failure to serve the Federal Defendants within 120 days after the filing of the complaint and for insufficiency of service of process pursuant to Rule 12(b)(5), then it will not be necessary to decided if the case should also be dismissed since it was not filed within the two year statute of limitation period.

## III.
## Analysis

### A.    Insufficiency of Service of Process

Defendants argue that this case should be dismissed for lack of personal jurisdiction due to insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5).  "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4."  *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986).  Fed. R. Civ. P. 4(i)(2)(B) governs how officers or employees of the United States are served when sued in their individual capacities.  Service of process pursuant to Rule 4(i)(2)(B) "is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g)."  "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."

*Benny*, 799 F.2d at 492.  While simply naming the defendant is not sufficient, service may be waived when a party makes a general appearance to defend the case.  *See id.*

The issue before the Court is whether service was waived when A.U.S.A  Robert Grisham filed a Motion for Extension of Time to Respond on behalf of agents Hart and Whitney.  Plaintiffs contend that the Court does have personal jurisdiction over the defendants because a personal appearance was made and service of process waived.  (Plaintiffs' Response (Docket No. 17 at 5)).

Defendants argue that there is no evidence or allegations that service has occurred either personally to agents Hart and Whitney, or upon the appropriate United States Attorneys' office.  Defendants further argue that a motion to extend time to respond is not a responsive pleading and does not constitute a general appearance.  In support of their position, Defendants cite to a Ninth Circuit opinion that states, "a motion to extend time to respond gives no hint that the answer will waive personal jurisdiction defects, and is probably best viewed as a holding maneuver while counsel considers how to proceed."  *Benny*, 799 F.2d at 493.  The court continued, "it would be harsh indeed to label these pre-answer omissions as a general appearance."  *Id.*

The Court agrees that a motion to extend time to respond, by itself, is not enough to overcome the requirement for service of process under Rule 4.  The Court views Defendants' Motion to Extend Time to Respond as a procedural step while counsel was deciding how to proceed, and it did not constitute a waiver to service of process.  Proper service has not occurred in this case.

This case has been pending for over 27 months.  The court file reflects that no return of

**Report and Recommendation- Page 7**

service has ever been made on the two remaining Federal Defendants.  Under Fed. R. Civ. P. 4

(m), if service of a summons and complaint is not made upon a defendant within 120 days after

the filing of the complaint, the court, upon motion or its own initiative after notice to the

plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be

effected within a specified time.

The Court has not given formal notice to the Plaintiffs under Rule 4 (m), so it is best to

analyze the motion under Rule 12(b)(5).  The motion by the Federal Defendants has been

pending since October 23, 2006.  Still the Plaintiffs have not personally served the Federal

Defendants.  Earlier, on July 31, 2006, the Plaintiffs filed a request for alternative service of the

complaint on the Federal Defendants by certified mail.  (Docket No. 10.)  This was denied by

this Court on October 4, 2006 and the Plaintiffs appealed that Order to the District Court.

(Docket No. 12 & 1.3)  On April 5, 2007, the District Court denied the appeal, finding that

Plaintiffs were not entitled to have alternative service of the complaint on the Federal Defendants

under the Federal Rules of Civil Procedure. (Docket No. 25.)

An additional 90 days have now lapsed and the Plaintiffs still have not personally served

the Federal Defendants.  If this were Plaintiffs first experience in federal court and exposure to

the requirements of personal service of a complaint on defendants, some of this might be more

easily explained.  Unfortunately this is not the case.  In 2005 the Plaintiffs filed an almost

identical complaint in the United States District Court for the District of Utah, *Bahman Yousefi*

*and Sally Dayney v. Dasenbrock, et. al.* Civ. No.05-00682-PGC.  In that case the Plaintiffs filed

executed summons with the court, which the court initially thought were valid, only to discover

that service had never been made on the defendants.  The court alerted the Plaintiffs to their

**Report and Recommendation- Page 8**

failure to properly serve the defendants and Plaintiffs responded with a motion for service of process by alternative means, just as they did in the instant case. The U.S. District Court in Utah, found that this was a normal civil case and the Plaintiffs never showed good cause why a special approach to service was warranted and denied the motion. The Court then dismissed the case without prejudice, both on venue grounds and under Fed. R. Civ. P. 4(m).

The Order by the U.S. District Court in Utah was entered on January 25, 2006. Rather than taking guidance from that decision, the Plaintiffs continued to press this action and still took no steps to properly serve the Federal Defendants. In view of Plaintiffs' continued recalcitrance, I recommend the case be dismissed without prejudice. Under these facts, the Court does not find that any further extension of time to effect service is warranted.

## ORDER

1)      The hearing presently scheduled for Monday, August 6, 2007, at 2:00 p.m. is hereby VACATED.

2)      Plaintiffs' Motion to Strike Declaration of Ardis Robinson (Docket No. 27), filed May 15, 2007, is MOOT.

## RECOMMENDATION

Based upon the foregoing, the Court recommends as follows.

1)      Defendants Motion to Dismiss (Docket No. 14) for insufficiency of service of process be **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(5) and the case dismissed without prejudice.

**Report and Recommendation- Page 9**

Written objections, if any, to this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1, must be filed **no later than August 15, 2007,** or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: August 2, 2007

Honorable Mikel H. Williams
Chief United States Magistrate Judge