IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **BAHMAN YOUSEFI, and SALLY DAYNEY,**<br><br>　　　　　**Plaintiffs,**<br>**vs.**<br><br>**MICHAEL CHEROFF, Secretary of the Department of Homeland Security, et al,**<br><br>　　　　　**Defendants.** | CASE NO: CV06-150-N-EJL<br><br>**ORDER ADOPTING<br>REPORT and RECOMMENDATION** |

　　　　On August 2, 2007, United States Magistrate Judge Mikel H. Williams issued a Report and Recommendation (docket no. 32). Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten (10) days in which to file written objections to the Report and Recommendation. However on August 24, 2007, Plaintiffs moved for an extension of time to file their objection. The Court granted the motion and extended the objection deadline to September 10, 2007.

　　　　On September 10, 2007, instead of filing an objection the Plaintiffs filed another Motion Requesting Extension of Time. Plaintiffs offer two grounds in support of a further extension. First, they argue that they have been provided "less than 15 business days" in which to file their objection. (Second Motion Requesting Extension of Time (docket no. 36)). This representation is inaccurate. Despite the fact that § 636(b)(1) provides only ten (10) days for the filing of any objection, the Court has given the Plaintiffs twenty-six (26) business days, or thirty-nine (39) total days (business days, weekends, and holidays), from the date the Report and Recommendation was filed on August 2,

**ORDER ADOPTING REPORT AND RECOMMENDATION** - Page 1

2007 to the extended deadline for objections of September 10, 2007. The Plaintiffs have therefore been provided with more than adequate time, and more time than is afforded by statute or rule, to file any objection.

The second reason advanced by Plaintiffs in justification of a second extension is so that they can speak to an attorney "who expressed an interest in our case" but who "is currently out of the Country." (Second Motion Requesting Extension of Time (docket no. 36)). The attorney's name is not provided, nor is any date provided for his or her expected return to this country. And as is apparent from the motion, there has been no commitment by this or any other attorney to represent Plaintiffs in this matter. This case has been pending since April 14, 2006. Sixteen months is more than sufficient time for Plaintiffs to have retained counsel, and the effort to do so at the last minute does not establish good cause for an additional extension of time.

As the magistrate judge noted in the Report and Recommendation:

> If this were Plaintiffs first experience in federal court and exposure to the requirements of personal service of a complaint on defendants, some of this might be more easily explained. Unfortunately this is not the case. In 2005 the Plaintiffs filed an almost identical complaint in the United States District Court for the District of Utah, *Bahman Yousefi and Sally Dayney v. Dasenbrock, et. al.* Civ. No.05-00682-PGC. In that case the Plaintiffs filed executed summons with the court, which the court initially thought were valid, only to discover that service had never been made on the defendants. . . . . The Court then dismissed the case without prejudice, both on venue grounds and under Fed. R. Civ. P. 4(m).

(Report and Recommendation, 8-9). Plaintiffs are therefore well aware of their obligations in litigating this case in federal court. Accordingly, the Plaintiffs' Second Motion Requesting Extension of Time will be denied, and exercising de novo review of the matter, this Court finds the Report and Recommendation of Judge Williams to be well founded in law and supported by the record, the Court hereby accepts in their entirety, and adopts as its own, the findings made by Judge

Williams. Acting on the recommendation of Judge Williams and this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that the Report and Recommendation entered on August 2, 2007, (docket no. 32), by Judge Williams should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** that Plaintiffs' Second Motion Requesting Extension of Time (docket no. 36) is **DENIED**; that Defendants' Motion to Dismiss (docket no. 14) is **GRANTED**; and that this case is **DISMISSED in its entirety without prejudice**.

DATED: **September 11, 2007**

Honorable Edward J. Lodge
U. S. District Judge